Sedgwick, Ck J.
The judgment referred to is the judgment that has just been affirmed.
The motion asked that the injunction be suspended permanently or perpetually. The ground of the motion was, that since the judgment an award has been made in proceedings taken to condemn the property of plaintiff, which was the easement that the court found in the judgment had been appropriated by the defendants, and that such award had been paid into court as directed by the statute.
There was no objection made by the plaintiff as to the regularity of the proceedings. The motion was resisted on two grounds; one was that the judgment had adjudicated that the value of the property taken was greater than that awarded in the condemnation proceeding ; the other was that the judgment has adjudicated that the defendants were not entitled to a dissolution of the injunction upon payment of an award in condemnation proceedings.
It is true that for the purpose of determining when the injunction in the judgment might- as a privilege to defendants be put at an end, the court found the value of the easement taken. This however was to be the consideration for which the plaintiff was to convey to the defendants the property. The substantial provision was that when the plaintiff ceased to own and the defendants became owners the injunction should not be continued further. The judgment did not intend that if the defendants became owners on whatever terms, they should not enjoy the legal consequences of being owners.
I do not think that there was any adjudication in the action that, upon the payment of the award in the future, the defendants would not have a right that the injunction be ended. The whole force of the refusal to find as requested by the defendants on that subject was that, in the then condition of the facts, such a provision should not be made. The question was not raised as to what would be the rights of tbe defendants after an award was in fact paid.
No objection was taken as to the propriety of the remedy invoked if the merits were with the defendants. There seems to be no objection to such relief being had upon motion.
In my judgment, if in fact the defendants have become the owners of that part of the plaintiff’s easement which the injunction prevented them from further using, the plaintiff has ceased to have a right to an injunction. And the only question to be answered is, have the defendants become such owners ?
The eighteenth section of the general railroad act, passed April 2, 1850, declares that on the payment or deposit by the company of the sum to be paid as compensation for the land, and for costs, expenses and counsel fees as aforesaid, and as directed by said order, the company shall be entitled to enter upon, take possession of the land for the purposes of its incorporation during the continuance of its corporate existence, * * * and all persons who have been made parties to the proceeding shall be divested and barred of all right, estate and interest in such real estate during the corporate existence of the company.
*516 ' The order appealed from should be reversed, and the motion should be granted. Neither side has adverted to the proper terms or conditions of such an order. Suggestions of both sides will be heard upon the settlement of the form of the order, which is to be upon notice.
Freedman, J., concurs.